UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYLER DANE BLANCHARD,

    Plaintiff,

    v.

GARDNER POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 25-2376-HLT-RES

## ORDER

This matter comes before the Court on 21 separate Motions filed by pro se Plaintiff Tyler Dane Blanchard on July 11, 2025, the same day he filed his Complaint. ECF Nos. 3-23.[1] For the reasons explained below, the Motions are denied.

On July 11, 2025, Plaintiff filed a 93-page Complaint, which is largely single spaced, with six attached exhibits totaling an additional 30 pages. *See generally* ECF No. 1. As reflected on the docket, the Complaint names 30 separate Defendants. *See id.* That same day, Plaintiff filed 21 Motions. At that time and presently, service has not been completed on any Defendant, and no Defendant has appeared in this case.

**I.     PLAINTIFF'S MOTIONS TO SERVE INTERROGATORIES (ECF Nos. 3-5, 7-23)**

The Motions seek to serve proposed interrogatories on the named Defendants and "Demand For Full Responses Under Penalty of Perjury." *See, e.g.,* ECF No. 3 at 1. The Court denies these Motions for two reasons.

---

[1] Pro se litigants are entitled to liberal construction of their filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does "not act as [an] advocate" for pro se litigants. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

*First*, discovery in this case is not yet open, which means that any attempt to serve interrogatories or any other type of written discovery is premature. Fed. R. Civ. P. 26(d)(1) governs the timing of discovery and makes clear that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Because no party has been served or appeared in this litigation, the parties have not held a Rule 26(f) conference. This is also not a proceeding exempted from initial disclosure under Rule 26(a)(1)(B). And Plaintiff cites no rule, stipulation, or court order[2] authorizing his proposed discovery.

*Second*, the Motions fail to comply with other discovery-related Federal Rules of Civil Procedure and this District's local rules. If discovery were open—which it is not—Rule 33(a)(1) limits the number of interrogatories one party can serve on another party to 25 interrogatories. *See generally* Fed. R. Civ. P. 33(a)(1) (". . . a party may serve on any other party no more than 25 written interrogatories, including discrete subparts."). In his first Motion alone, Plaintiff seeks to serve 259 interrogatories on Chief Judge Charles Droege. *See* ECF No. 3. Even if discovery were open, the Court would deny this Motion because Plaintiff's request to serve 259 interrogatories on a single Defendant is in violation of Fed. R. Civ. P. 33(a)(1). While the Court has discretion to

---

[2] Although Rule 26(d)(1) allows discovery to be conducted early by "court order," the Court has not authorized early (or sometimes known as "expedited") discovery. Even if Plaintiff had moved for leave to serve early discovery, the Court would deny the request for a failure by Plaintiff to establish good cause for such discovery, particularly given the unique issues and procedural posture of this case. *See Ceva Animal Health, LLC v. Premium Sellers, LLC*, No. 24-2172-EFM-RES, 2024 WL 5826142, at *1 (D. Kan. July 29, 2024) (stating that this "District applies a 'reasonableness or good cause test in determining whether to allow expedited discovery.'"); *see also Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013) ("It was well within the court's discretion to decline to authorize expedited discovery.").

modify the number of interrogatories allowed, Plaintiff has made no arguments of any kind as to why 259 interrogatories on a single Defendant is proportional to the needs of the case, as is required by Rule 26(b)(1).  This same deficiency is true of most of Plaintiff's other Motions, which seek to serve interrogatories in excess of what is allowed by the Federal Rules.  *See generally* ECF Nos. 4-5, 7-10, 12-23.  Therefore, even if Plaintiff's Motions could be construed as seeking permission to serve expedited discovery far in excess of the limits on the number of allowed interrogatories, the Court would deny these Motions.

If discovery were open, Plaintiff could serve the allowed number of interrogatories on the named Defendants without Court intervention.[3]  After Plaintiff properly served his interrogatories on each Defendant, each Defendant would have the opportunity to object and respond to each interrogatory.  If a party objects or fails to respond to discovery requests, then the parties must meet and confer in good faith about the dispute.  *See* Fed. R. Civ. P. 37(a)(1) (explaining that a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); *see also* D. Kan. Rule 37.2 (imposing even broader meet-and-confer requirements before any discovery conference can be requested and before any discovery-related motion can be filed).  After the parties have exhausted their meet-and-confer obligations, they are required to contact the Court to request a pre-motion discovery conference before filing any disputed discovery-related motion.  D. Kan. Rule 37.1(a).  Only after a discovery conference is conducted by the Court may a party file a disputed discovery-related motion, but even then, D. Kan. Rule 7.1(d)(1) limits discovery-related motions to 10 pages.  As but one of

---

[3]  This District's local rules make clear, however, that discovery requests and responses are not to be filed on the docket.  *See* D. Kan. Rule 26.3(a).

many examples, Plaintiff's first-filed Motion, titled "Motion to Serve Interrogatories Upon Chief Judge Charles Droege and Demand for Full Responses Under Penalty of Perjury," spans 40 pages, much of which is single-spaced. *See* ECF No. 3.

Although Plaintiff proceeds pro se, he must follow the same rules that apply to all parties litigating in this District. *See* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court; the relevant Federal Rules of Civil Procedure, of Criminal Procedure, or the Bankruptcy Rules; and the pertinent Federal Rules of Evidence; and to proceed in accordance with them."); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (pro se litigants must "follow the same rules of procedure that govern other litigants").[4]  Failure to comply with applicable procedural rules or orders can subject litigants to severe sanctions, up to and including dismissal of a case.

Plaintiff's present Motions do not comply with any the above requirements. As explained above, discovery is not open, which alone is a sufficient reason to the deny the Motions. Even if discovery were open—again, which it is not—most of Plaintiff's interrogatories far exceed the number of interrogatories allowed by the Federal Rules. And because Plaintiff's Motions are discovery-related Motions, Plaintiff was required to comply with all of the rules governing discovery-related motions, which he failed to do. Accordingly, the Court denies the Motions as both premature and in violation of multiple Federal and local rules.

---

[4]  To assist pro se litigants, the District's public website has a section for pro se litigants. *See* https://www.ksd.uscourts.gov/self-represented-litigants.  The Court strongly encourages Plaintiff to review the resource materials available on this website, including *United States District Court for the District of Kansas, Filing Your Lawsuit in Federal Court: A Pro Se Guide* (Dec. 2023), which is available here: https://www.ksd.uscourts.gov/resource-materials.

## II. PLAINTIFF'S MOTION TO CONVENE A FEDERAL GRAND JURY UNDER THE FIFTH AMENDMENT AND FEDERAL LAW (ECF No. 6)

Plaintiff requests that the Court "transmit this matter to the United States Attorney and to the appropriate grand jury for investigation pursuant to the Fifth Amendment of the United States Constitution and Rule 6 of the Federal Rules of Criminal Procedure." ECF No. 6 at 1. The authority cited in Plaintiff's brief does not provide a mechanism for the Court, in this civil case, to "transmit this matter to the United States Attorney and to the appropriate grand jury."

Specifically, Plaintiff states that "[t]he Fifth Amendment declares: 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" ECF No. 6 at 1. Plaintiff additionally cites to Federal Rule of Criminal Procedure 6, which governs various aspects of grand jury procedure. *Id.* Plaintiff notes that the rule "authorizes grand juries to investigate criminal conduct." *Id.* at 6. Neither of the cited or quoted authorities provide a mechanism for the Court to grant the relief Plaintiff requests.

The Tenth Circuit has previously affirmed a district court's ruling that a pro se plaintiff cannot initiate a criminal investigation by filing a motion to empanel a grand jury in a civil case. *See Maehr v. United States*, 822 F. App'x 780, 783 (10th Cir. 2020). Although Plaintiff's Motion makes clear that "[t]he Court is not being asked to prosecute—only to transmit these matters to a grand jury and/or direct the U.S. Attorney to do so," the authority cited by Plaintiff in his Motion does not support the relief requested. For these reasons, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions, ECF Nos. 3-23, are **DENIED**.

**IT IS SO ORDERED.**

Dated: July 16, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

6